UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-62096-CIV-COHN/SELTZER

HARVEY GOODMAN,

    Plaintiff,

v.

SPERDUTI ENTERPRISES, INC., a
Florida corporation, d/b/a TEXACO AT
PALM AIRE, and LAKE WORTH
PROPERTY ENTERPRISES, LLC, a
Florida limited liability company,

    Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS

**THIS CAUSE** is before the Court on Plaintiff's Verified Motion for Attorney's Fees and Costs [DE 52]. The Court has considered the Motion, the attachments thereto, the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

On December 31, 2008, Plaintiff filed the Complaint [DE 1] against Defendants Sperduti Enterprises, Inc. d/b/a Texaco at Palm Aire ("Texaco at Palm Aire") and Lake Worth Enterprises, LLC ("Lake Worth") for alleged violations of the Americans with Disabilities Act ("ADA"). On July 7, 2009, the Court granted Plaintiff's Motion for Final Default Judgment against Defendant Texaco at Palm Aire for failure to answer or otherwise respond to Plaintiff's Complaint. See DE 42. Final Default Judgment against Texaco at Palm Aire was entered on July 7, 2009. See DE 44. Defendant Lake Worth settled with Plaintiff and the action against Lake Worth was dismissed with prejudice on

August 20, 2009.  See DE 49.  On August 26, 2009, Plaintiff filed the instant Motion seeking $14,512.75 in attorney's fees and $3,280.00 in costs.

## II. ATTORNEY'S FEES

### A. Entitlement to Fees

The ADA contains a provision regarding attorney's fees and costs which provides as follows:

> In any action or administrative proceeding commenced pursuant to this Act, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205.

### B. Calculation of Attorney's Fees

A reasonable award for attorney's fees is calculated using the lodestar method, which requires the Court to multiply the reasonable hours expended by a reasonable hourly rate.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988); Cuban Museum of Arts & Culture, Inc. v. City of Miami, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991).  The fee applicant bears the burden of establishing entitlement to the award and documenting the appropriate hours and hourly rates.  ACLU v. Barnes, 168 F.3d 423 (11th Cir. 1999).  In determining what is a "reasonable" hourly rate and what number of compensable hours is "reasonable," a court may consider the 12 factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974); accord Farley

v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1340 (11th Cir. 1999).[1] In addition, a district court is "empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness." Cullens v. Georgia Dept. of Transp., 29 F.3d 1489, 1492-93 (11th Cir. 1994).

### 1. *Reasonable Hourly Rate*

The first step in calculating the lodestar amount involves determining the reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Id. Satisfactory evidence is at a minimum more than the affidavit of the attorney performing the work and can involve direct evidence of charges by lawyers under similar circumstances or opinion evidence. Id.

Plaintiff retained the Weitz Law Firm, P.A. as counsel in this action. The Motion attaches a billing sheet [DE 52-2] which identifies the billing rate for B. Bradley Weitz, lead counsel, as $350 per hour. The billing sheet also identifies the billing rate for paralegal assistance as $115 per hour. In addition, Plaintiff submitted the Affidavit of Craig Michael Dorne, Esq. [DE 52-3] ("Dorne Affidavit") which states that "the hourly

---

[1] Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-719.

rate of $350 per hour for B. Bradley Weitz, Esq. . . . is within the prevailing market rate in this legal community." Dorne Affidavit ¶ 6. The Dorne Affidavit also states that "the hourly rate of $115 per hour for paralegal labor is within the prevailing market rate in this the legal community." Id. ¶ 5. Further, the Dorne Affidavit represents that Mr. Dorne is a practicing attorney licensed in the State of Florida and the Southern District of Florida who is "aware of the range of rates charged by other attorneys in similar cases in federal courts nationwide, and the range awarded by courts in various districts in similar cases." Id. ¶¶ 1-2. The Court finds that the billing rates charged by the Weitz Law Firm, P.A. are reasonable.

### 2. *Reasonable Number of Hours Expended on Litigation*

The Motion seeks reimbursement for 34.25 hours expended by Mr. Weitz and 21.25 hours expended by a paralegal. As noted above, a district court must determine whether the hours expended are reasonable. Again, a fee applicant bears the burden of documenting the appropriate hours expended so that the Court may properly assess the time claimed for each activity. See Hensley, 461 U.S. at 433; Norman, 836 F.2d at 1301. Excessive, redundant or otherwise unnecessary hours should not be included in the calculation. See Barnes, 168 F.3d at 427.

The Dorne Affidavit represents that the hours expended by Mr. Weitz and the paralegal in connection with the case were reasonable. Dorne Affidavit ¶¶ 7-8. Although a default judgment was obtained against Defendant Texaco at Palm Aire, Defendant Lake Worth filed and Answer and Affirmative Defenses to the Complaint. Therefore, Plaintiff engaged in discovery, albeit limited, which included attendance at a Scheduling Conference, Initial Disclosures pursuant to Rule 26(a)(1) of the Federal

Rules of Civil Procedure, and preparation of a Witness List. Plaintiff also engaged in settlement negotiations with Lake Worth prior to the parties reaching a settlement which resulted in a dismissal of the claims against Lake Worth. The Court finds that in light of these circumstances, the amount of hours expended by the Weitz Law Firm, P.A. on this matter are reasonable.

3. *Lodestar Amount*

Multiplying the reasonable hourly rate by the reasonable hours expended, results in a total lodestar amount of $11,987.50[2] for work performed by Mr. Weitz and $2,443.75 for work performed by Mr. Weitz's paralegal, as detailed below.

| Attorney | Hours | Hourly Rate | Fees |
|---|---|---|---|
| B. Bradley Weitz | 34.25 | $350.00 | $11,987.50 |
| Mr. Weitz's Paralegal | 21.25 | $115.00 | $2,443.75 |

Therefore, the Court awards Plaintiff a total amount of $14,431.25 in attorney's fees.

### III. COSTS

In addition to attorney's fees, the Motion seeks to recover a total of $3,280.00 in costs and expenses. These costs include a title search ($100), the filing fee ($350) and service of process ($80). In addition, Plaintiff seeks reimbursement for (1) $2,500.00 in

---

[2] The Court notes that there is a small discrepancy between the lodestar amount for the fees of Mr. Weitz, as calculated by the Court, and the amount of requested in Plaintiff's Motion. Plaintiff's Motion seeks $12,069.00 for the services rendered by Mr. Weitz. However, the billing sheets only account for 34.25 hours, which at a rate of $350 per hour results in $11,987.50. This discrepancy is likely the result of the fact that the billing sheet submitted by Plaintiff indicates that it includes "services rendered from 06/13/08 thru 8/24/09," DE 52-2 at 1, however, Plaintiff's Motion was filed on August 26, 2009. Nevertheless, the Court's award will be limited to $11,987.50 for the services rendered by Mr. Weitz as the Court only has documentation for 34.25 hours.

expert fees related to a pre-suit expert investigation, and (2) $250.00 charged by Mr. Dorne to opine on the reasonableness of the hours expended and rates charged by the Weitz Law Firm, P.A..

There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920, which include:

    (1)    Fees of the clerk and marshal;
    (2)    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
    (3)    Fees and disbursements for printing and witnesses;
    (4)    Fees for exemplification and copies of papers necessarily obtained for use in the case;
    (5)    Docket fees under section 1923 of this title;
    (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Further, district courts in the Eleventh Circuit do not limit a prevailing party to only these costs in cases brought under the ADA. See, e.g., Dunn v. Citec Florida, LLC, 2009 WL 3064686 (M.D. Fla. Sept. 18, 2009) (awarding expert fees in ADA case); Raetano v. Burzynski, 2009 WL 691921, *2 (M.D. Fla. Mar. 13, 2009) ("An expert's fee falls within the scope of litigation expenses and costs."); Hansen v. Deercreek Plaza, LLC, 420 F.Supp.2d 1346 (S.D. Fla. 2006) (awarding expert fees in ADA case).

The Court has reviewed all of the costs and expenses submitted by Plaintiff's counsel and finds that they are reasonable and were necessarily incurred in connection with the prosecution of this action. See EEOC v. W & O, Inc., 213 F.3d 600, 623 (11th Cir. 2000); Tang How v. Edward J. Gerrits, Inc., 756 F. Supp. 1540, 1545-46 (S.D. Fla.

1991). Therefore, the Court will award Plaintiff a total of $3,280.00 in costs.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Verified Motion for Attorney's Fees and Costs [DE 52] is hereby **GRANTED IN PART**. Plaintiff is awarded a total amount of $17,711.25 for attorney's fees and costs, which includes attorney's fees in the amount of $14,431.25 and costs and expenses in the amount of $3,280.00.[3] A Judgment awarding these fees and costs will be entered by separate Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 6th day of October, 2009.

*JAMES I. COHN*
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of record via CM/ECF

Sperduti Enterprises Inc. d/b/a Texaco
at Palm Aire
1481 SW 26 Avenue
Pompano Beach, FL 33069

---

[3] Plaintiff shall be entitled to interest on this amount from the date the Court entered the Final Judgment [DE 44] against Texaco at Palm Aire, July 7, 2009. See BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1052-53 (11th Cir. 1994).